# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>BRIAN GOODMAN,<br><br>Defendant-Petitioner. | CASE NO. 1:12-CR-00113-LJO-SKO-1<br><br>ORDER DENYING GOVERNMENT'S MOTION TO STAY AND RE-SETTING BRIEFING SCHEDULE<br><br>(ECF NO. 49) |

On August 12, 2016, the Government filed a motion to stay Petitioner Brian Goodman's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). *See* ECF No. 49. The Government's motion was based upon the fact that the United States Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, to decide (1) whether the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2016), applies to the residual clause of Sentencing Guideline § 4B1.2(a)(2); and if so, (2) whether *Johnson*'s invalidation of the residual clause of Sentencing Guideline § 4B1.2(a)(2) applies retroactively on collateral review. ECF No. 26. The Government argues that because *Beckles* will likely decide the application of *Johnson* to the Sentencing Guidelines or the retroactivity question presented in the instant case (or both), and because the Supreme Court will likely decide *Beckles* by June 2017, the Court should stay Petitioner's § 2255 motion until *Beckles* is decided for purposes of judicial efficiency. *Id.*

Petitioner filed an opposition to the Government's motion, arguing that he would likely suffer irreparable damage should the Court stay his § 2255 motion, and that the Government has not demonstrated sufficient hardship to warrant a stay in this case. ECF No. 50 at 2-6. Petitioner additionally notes that the Ninth Circuit decided to lift stays in two cases with similar issues

(*Gardner v. United States*, No. 15-72559 and *Jacob v. United States*, No. 15-73302), notwithstanding the Supreme Court's decision to grant certiorari in *Beckles*, and that many district courts within the Ninth Circuit have since followed suit. *Id.* at 6-9.

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). Citing *Landis*, the Ninth Circuit has instructed that in determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed," including "the possible damage which may result from the granting of the stay," the "the hardship or equity which a party may suffer in being required to go forward," and "the orderly course of justice measured in terms of the simplifying or complicating … questions of law which could be expected to result from a stay." *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). In the habeas context, the Court must also "balance the length of the stay against the strength of the justification given for it." *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000)

Using this framework, the Court finds that a stay is inappropriate in this case. The Court acknowledges that staying Petitioner's § 2255 motion until the Supreme Court rules on *Beckles* would serve the interests of judicial economy by streamlining the resolution of a relevant question of law in this case. *See* ECF No. 49 at 2. However, the Supreme Court may not issue a decision in *Beckles* until June 2017, and Petitioner's current projected release date is August 9, 2018. ECF No. 50 at 2. If the Court delays ruling on Petitioner's case until the Supreme Court issues a ruling in *Beckles*, and Petitioner is successful on the merits of his § 2255 motion, there is a possibility that he would serve excess time under an unconstitutional sentence. Thus, Petitioner has demonstrated at least "a fair possibility" that he would suffer damage if the Court stays this case, such that would outweigh the Court's interest in judicial economy at this time. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *see also Yong*, 208 F.3d at 1120 ("habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy."). Moreover, because it is uncertain exactly when the Supreme Court will issue a ruling in *Beckles* and the Government has failed to make any showing of

hardship it would suffer if required to go forward in this case, the considerations set forth in *Yong* also weigh against granting the Government's request. *See* 208 F.3d at 1119.

      Accordingly, the Court **DENIES** the Government's motion to stay this case. The full 30-day extension request is also denied. This is not a complicated matter that has not been addressed previously by the Government. Therefore, the Government's response to Petitioner's § 2255 motion is due within **15 calendar days** of the filing of this Order. From the date of the Government's filing, Petitioner shall have **10 calendar days** to file a reply. At that point, the Court will determine whether or not it needs oral argument. If not, and if the Petitioner prevails on his § 2255 motion, re-sentencing will be set.

IT IS SO ORDERED.

Dated:   **September 23, 2016**            /s/ Lawrence J. O'Neill
                                                                              UNITED STATES CHIEF DISTRICT JUDGE