1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:12-CR-00113-LJO-SKO-1 |
| Plaintiff-Respondent, | |
| | **MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S § 2255 MOTION** |
| v. | |
| BRIAN GOODMAN, | |
| Defendant-Petitioner. | **ECF No. 46** |

## I. **INTRODUCTION**

Before the Court is Petitioner Brian Goodman's ("Petitioner") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on June 24, 2016. ECF No. 46. On October 11, 2016, the Government filed its opposition. ECF No. 52. Petitioner filed a reply on October 21, 2016. ECF No. 53. Having considered the parties' briefing and the record in this case, the Court DENIES Petitioner's motion under § 2255.

## II. **BACKGROUND**

On April 16, 2013, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), pursuant to an agreement under Federal Rule of Criminal Procedure 11(c)(1)(B),

1   as charged in Count 1 of a single-count Indictment. ECF No. 29. At sentencing, Petitioner was found to

2   qualify for a sentencing enhancement under section 2K2.1(a)(2) of the United States Sentencing

3   Guidelines ("USSG" or "Guidelines") based on two prior felony convictions: Battery Against a Police

4   Officer, in violation of section 243(c) of the California Penal Code ("CPC"), which was deemed a

5   "crime of violence," for which he served a two-year term of imprisonment; and Transportation of a

6   Controlled Substance For Sale, a controlled substance offense, for which he served a one-year term of

7   imprisonment. ECF No. 37 (Presentence Report ("PSR")) ¶¶ 23, 36, 39. With the enhancement,

8   Petitioner's base offense level was set at 24. *Id.* Two additional levels were added under § 2K2.1(b)(4)

9   because the weapon involved was stolen. *Id.* ¶ 2. Three points were subtracted for acceptance of

10  responsibility. *Id.* ¶ 27-28. Therefore, Petitioner's total offense level was determined to be 23 with a

11  criminal history category of IV, bringing the applicable Guidelines range to 70 to 87 months. *Id.* at 29.

12  On July 8, 2013, Petitioner was sentenced to 70 months in prison. ECF Nos. 39 & 40.

13        Petitioner did not appeal his conviction or sentence. This is his first motion under 28 U.S.C.

14  § 2255. ECF No. 46 at 8.[1]

15                    **III. <u>LEGAL FRAMEWORK</u>**

16  A.  <u>**28 U.S.C. § 2255**</u>

17        Section 2255 provides four grounds upon which a sentencing court may grant relief to a

18  petitioning in-custody defendant:

19        [1] that the sentence was imposed in violation of the Constitution or laws of the United States; or

20        [2] that the court was without jurisdiction to impose such sentence; or

21        [3] that the sentence was in excess of the maximum authorized by law; or

22        [4] is otherwise subject to collateral attack.

23  28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United*

24  _____

25  [1] Pincites refer to CM/ECF pagination located at the top of each page.

26                              2

1    *States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental

2    defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S.

3    333, 346 (1974).

4    B.   ***Johnson II and Welch***

5            Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a

6    mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony

7    or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any

8    crime punishable by imprisonment for a term exceeding one year that:

9            (i) has as an element the use, attempted use, or threatened use of physical force against the
             person of another; or

10

11           (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that
             presents a serious potential risk of physical injury to another.*

12   18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i),

13   as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses

14   clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United*

15   *States*, 135 S. Ct. 2551, 2556-57, 2563 (2015) ("*Johnson II*"); *United States v. Lee*, 821 F.3d 1124, 1126

16   (9th Cir. 2016).

17           In *Johnson II*, the Supreme Court held that "imposing an increased sentence under the residual

18   clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the

19   basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair

20   notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. "Two

21   features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the

22   residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the

23   judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or

24   statutory elements." *Id.* Second, "[b]y combining indeterminacy about how to measure the risk posed by

25   a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the

26                                                        3

1    residual clause produces more unpredictability and arbitrariness than the Due Process Clause

2    tolerates." *Id.* at 2558.

3        In *Welch v. United States*, the Supreme Court held that its decision in *Johnson II* announced a

4    new substantive rule that applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268

5    (2016). "By striking down the residual clause for vagueness, [*Johnson II*] changed the substantive reach

6    of the Armed Career Criminal Act, altering the 'range of conduct or the class of persons that the [Act]

7    punishes." Id. at 1265 (*quoting Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). As a result, defendants

8    sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as

9    unconstitutional under § 2255. *See, e.g., United States v. Heflin*, 195 F. Supp. 3d 1134 (E.D. Cal. 2016).

10    **IV. <u>DISCUSSION</u>**

11        Although Petitioner was sentenced under the Guidelines rather than the ACCA, the Guidelines'

12    definition of "crime of violence" includes an identical residual clause to the one held to be

13    unconstitutionally vague in *Johnson*. USSG § 4B1.2(a)[2] ("the term 'crime of violence' means any

14    offense . . . [that] otherwise involves conduct that presents a serious potential risk of physical injury to

15    another"); *see also United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (holding that the Ninth

16    Circuit makes "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of

17    violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the

18    residual clause[s]"). Petitioner challenges his sentence on the basis that the Guidelines calculation

19    ────────────────────

20    [2] At the time Petitioner was sentenced, section 4B1.2(a) of the Guidelines provided as follows:

21        The term "crime of violence means any offense under federal or state law, punishable by
          imprisonment for a term exceeding one year, that—

22            (1)   has as an element the use, attempted use, or threatened use of physical force against
                   the person of another, or

23            (2)   is burglary of a dwelling, arson, or extortion, involves use of explosives, *or*
24                 *otherwise  involves conduct that presents a serious potential risk of physical injury to*
                   *another.*

25    USSG § 4B1.2(a) (2012) (emphasis added).

26

1    underlying his sentence incorporated the same definition of a "crime of violence" that the Supreme

2    Court determined was unconstitutionally vague in the context of the ACCA in *Johnson II.* ECF No. 46

3    at 8. Without the applicable sentencing enhancement under § 2K1.1(a)(4), Petitioner's base offense level

4    would have been set at 20 pursuant to USSG § 2K2.1(a)(4), bringing his total offense level down to 19.

5    *See* USSG § 2K2.1(a)(4) (setting the base offense level at 20 the defendant committed any part of the

6    instant offense subsequent to sustaining one felony conviction of either a crime of violence or a

7    controlled substance offense). The corresponding Guidelines range for that offense level with a criminal

8    history category of VI is 46 to 57 months. *Id.*; *see also* USSG, Chap. 5, Part A.

9           The Government concedes that the residual clause of § 4B1.2(a)(2) is unconstitutionally vague

10   after *Johnson II.*[3] ECF No. 52 at 20.   However, the Government argues that Petitioner is not entitled to

11   relief under 28 U.S.C. § 2255 for four reasons. First, it argues Petitioner should be denied relief because

12   he waived the right to attack his sentence collaterally in his plea agreement. *Id.* at 13-15. Second, it

13   argues Petitioner procedurally defaulted his § 2255 claim because he did not raise the argument that the

14   residual clause of § 4B1.2(a) was unconstitutionally vague on direct appeal. *Id.* at 16-19. Third, it argues

15   *Johnson* does not apply retroactively to challenges under the Sentencing Guidelines. *Id.* at 20-26.

16   Fourth, it argues Petitioner's conviction for Battery Against a Peace Officer, in violation of CPC

17   § 243(c)(2) is still a crime of violence under the elements clause of § 4B1.2(a)(2) and therefore the

18   sentencing enhancement still applies. *Id.* at 26-27. Because the issue of whether CPC § 243(c) is a crime

19   of violence under the elements clause is dispositive in this case, the Court will address it first.

20   _____

21   [3] The majority of circuit courts that have considered this issue have assumed that *Johnson* invalidates § 4B1.2(a)(2)'s residual clause. *See, e.g.*, *United States v. Soto-Rivera*, 811 F.3d 53, 59 (1st Cir. 2016); *United States v. Welch*, 641 F. App'x 37, 43

22   (2d Cir. 2016) (per curiam); *United States v. Calabretta*, 831 F.3d 128, 133-34 (3d Cir. 2015); *United States v. Frazier*, 621 F. App'x 166, 168 (4th Cir. 2015) (per curiam); Order, *United States v. Estrada*, No. 15-40264 (5th Cir. Oct. 27, 2015);

23   *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016); *Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015); *United States v. Taylor*, 803 F.3d 931, 932-33 (8th Cir. 2015) (per curiam); *United States v. Benavides*, 617 F. App'x 790, 790

24   (9th Cir. 2015) (per curiam); *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015); *In re Booker*, No. 16-3018 (D.C. Cir. June 10, 2016). The issue of whether the residual clause of § 4B1.2(a) is void for vagueness is currently pending before the Supreme Court. *Beckles v. United States*, 616 F. App'x 415, 416 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510

25   (2016).

26
                                              5

1    The Ninth Circuit decided this very issue in *United States v. Colon-Arreola*, 753 F.3d 841 (9th

2  Cir. 2014), holding that CPC § 243(c)(2) is categorically a crime of violence under the sentencing

3  provision in USSG § 2L1.2(b)(1)(A)(ii), whose definition of "crime of violence" includes an elements

4  clause that is identical to the one in § 4B1.2(a)(2).[4] In reaching this determination, the Ninth Circuit

5  applied the framework from *Taylor v. United States*, 495 U.S. 575 (1990), and looked "'not to the facts

6  underlying the prior conviction [],' but 'only to the fact of conviction and the statutory definition of the

7  prior offense.'" 753 F.3d  at 843 (quoting *Taylor*,495 U.S. at 600, 602)). The sentencing enhancement

8  would only apply "if 'the full range of conduct covered by [CPC § 243(c)(2)] falls within the meaning of

9  [the elements clause of the 'crime of violence' definition]." *Id.* (citing *United States v. Castillo-Marin*,

10  684 F.3d 914, 919 (9th Cir. 2012). A CPC § 243(c)(2) conviction requires proof of the following

11  elements:

12      1) the offender committed a battery, defined by California Penal Code § 242 as 'any willful and unlawful use of force or violence upon the person of another'; 2) the battery was committed

13  against a peace officer engaged in the performance of his duties; 3) knowledge by the offender that the victim was a peace officer engaged in the performance of his duties; and 4) an injury was

14  inflicted on the victim.

15  *Id.* (citing CPC §§ 242, 243(c)(1)-(2)); *see also* Judicial Council of California Criminal Jury Instruction

16  ("CALCRIM") 945 (same). When the battery is "committed against a peace officer engaged in the

17  performance of his or her duties," the statute provides for a term of imprisonment for 16 months, or two

18  or three years. CPC § 243(c)(2). While acknowledging its previous holding that misdemeanor battery

19  under CPC § 242 is "not a categorical crime of violence because the statute does not *require* the use of

20  violent force," the *Colon-Arreola* panel distinguished CPC § 243(c)(2) from misdemeanor battery

21

22  [4] The Commentary to this provision defines "crime of violence" as:

23      any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses ... statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state,

24      or local law that *has as an element the use, attempted use, or threatened use of physical force against the person of another.*

25  USSG § 2L1.2, cmt n.1(B)(iii) (emphasis added).

26

1   because CPC § 243(c)(2) "requires proof of an element that § 242 does not, namely, that 'an injury is

2   inflicted on a [peace officer] victim.'" 753 F.3d at 844 (citing *Ortega-Mendez v. Gonzales*, 450 F.3d at

3   1016) and CPC § 243(c)(3)." Because CPC § 243(f)(5) defines "injury" as "any physical injury which

4   requires professional medical treatment," the *Colon-Arreola* panel observed that "a person cannot be

5   convicted under § 243(c)(2) unless he willfully and unlawfully applies force sufficient to not just inflict

6   a physical injury on the victim, but to inflict a physical injury severe enough that it requires professional

7   medical treatment." *Id.* at 844-845; *see also* CALCRIM 945 (to prove that a defendant is guilty of CPC

8   § 243(c)(2), the state must prove that the peace officer "suffered injury as a result of the touching").[5]

9   Therefore, the panel held that CPC § 243(c)(2) "fits squarely within the term [crime of violence] by

10  requiring the deliberate use of force that injures another." *Id.* at 845 (*quoting United States v. Laurico-*

11  *Yeno*, 590 F.3d 818, 820-22 (9th Cir. 2010)).

12       *Colon-Arreola* is directly on point here and mandates the finding that Petitioner's CPC

13  § 243(c)(2) conviction is a crime of violence within the meaning of §4B1.2(a) and that his § 2K2.1(a)(4)

14  sentencing enhancement was therefore properly imposed. *See Hart v. Massanari*, 266 F.3d 1155, 1175

15  (9th Cir. 2001) ("A district court bound by circuit authority...has no choice but to follow it."). The

16  holding in *Colon-Arreola*, which only addressed whether CPC § 243(c)(2) falls within the elements

17  clause, is unaffected by *Johnson II*, which only applies to the residual clause. *See Johnson II*, 135 S. Ct.

18  at 2563 ("Today's decision does not call into question … the remainder of the Act's definition of a

19  violent felony."); *see also United States v. Bailey*, CR 06-00777 YGR, CR 07-00779 YGR, 2016 WL

20  6514167, at *4-5 (N.D. Cal. Oct. 17, 2016) (under *Colon-Arreola*, finding that "a conviction under

21  Section 243(c) remains a crime of violence after [*Johnson II*]."). Petitioner's argument to the contrary is

22  unavailing. Petitioner correctly notes that in order for an offense to be a crime of violence under the

23  elements clause, a state statue must require proof of both violent force and intentional conduct, and that

24  ─────────────────────

25  [5] The *Colon-Arreola* panel noted that the term "willfully" is synonymous to the term "intentionally." 753 F.3d at 845 n.4.

26                                                7

1  the Supreme Court has held that the phrase "physical force" means "*violent* force—that is, force capable

2  of causing physical pain or injury to another person." ECF No. 46 at 14 (citing *United States v. Dixon*,

3  805 F.3d 1193, 1197 (9th Cir. 2015) and *Johnson v. United States*, 559 U.S. 113, 140 (2010)). Petitioner

4  then argues that the injury requirement in CPC § 243(c)(2) is discrete from what the elements clause

5  requires for a state statute to qualify as a crime of violence. *See* ECF No. 46 at 16; ECF No. 53 at 34-35.

6  However, to sustain a CPC § 243(c)(2) conviction, the state must prove that the defendant's actions

7  resulted in a peace officer sustaining "a physical injury severe enough that it requires professional

8  medical treatment." *See* CPC §§ 243(c)(2), (f)(5). As observed by the *Colon-Arreola* panel, the injury

9  requirement in CPC § 243(c)(2) therefore makes the statute a categorical match with the elements

10  clause— to inflict a "physical injury severe enough that it requires professional medical treatment"

11  necessarily implicates the application of "violent force—that is, force capable of causing *physical pain*

12  *or injury* to another person." *See* 753 F.3d at 844-45. [6]

13      The injury requirement is also what distinguishes this case from *Ortega-Mendez*, which

14  Petitioner urges the Court to follow. *See* ECF No. 46 at 15. In *Ortega-Mendez*, the Ninth Circuit held

15  that simple battery, CPC § 242, which penalizes "any willful and unlawful use of force or violence upon

16  the person of another," is not categorically a "crime of violence" within the meaning of an identically-

17  worded elements clause in the crime of violence definition found at 18 U.S.C. § 16(a). 450 F.3d at 1020.

18  Key to the *Ortega-Mendez* panel's reasoning was its observation that California courts have interpreted

19  the phrase "force or violence" as "requiring neither a force capable of hurting or causing injury nor

20  violence in the usual sense of the term." *Id.* at 1016-18. State and federal courts interpreting the statute

21  have found that CPC § 242's force requirement is satisfied by mere harmful or offensive touching. *See*

22  *id.* (citing *People v. Page*, 123 Cal. App. 4th 1466, 1473 n.1 (2004) ("even though the statutory

---

24  [6] For this reason, the Court finds inapposite Petitioner's argument that the injury requirement does not change the *actus reus*
25  of battery that the state must prove in order to sustain a CPC § 243(c) conviction. *See* ECF No. 46 at 16; ECF No. 53 at 33.
    The injury requirement is separate from and additional to the battery element.

26                                                                  8

1  definition of battery requires 'force or violence' … this has the special legal meaning of harmful or

2  offensive touching); *People v. Colantuono*, 7 Cal. 4th 206, 2014 n.4 (1994) ("It has long been

3  established, both in tort and criminal law, that the least touching may constitute battery."); *Singh v.*

4  *Ashcroft*, 486 F.3d 1228, 1232 (9th Cir. 2004) (holding that conduct involving mere offensive touching

5  does not rise to the level of "crime of violence")). CPC § 243(c)(2)'s injury requirement, which is an

6  additional and separate element from the simple battery element at issue in *Ortega-Mendez*, cannot be

7  satisfied by a mere offensive touching.[7] *See Colon-Arreola*, 753 F.3d at 845. Therefore, the Court finds

8  that *Ortega-Mendez* does not apply in this case.

9        Petitioner additionally cites to *United States v. Moreno-Tobar*, 452 Fed Appx. 763, 764-65 (9th

10  Cir. 2011), an unpublished memorandum disposition, which relied upon the reasoning and holding of

11  *Ortega-Mendez* to find that CPC § 243(d), Battery with Serious Bodily Injury, likewise does not "have

12  as an element the use, attempted use, or threatened use of physical force against the person of another."

13  ECF No. 46 at 15. The *Moreno-Tobar* panel noted that "[a] non-violent but unlawful touching could

14  result in a serious bodily injury under any number of possible factual scenarios." 452 Fed Appx. at 765

15  n.3. However, from this Court's perspective, the *Moreno-Tobar* panel's reasoning falls short of the

16  Supreme Court's requirement that there be a "realistic probability, not a theoretical possibility" that a

17  CPC § 243(d) conviction could be sustained without demonstrating the use, attempted use, or threatened

18  use of physical force against the person of another. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193

19  (2007). The Court further notes that the holding in *Moreno-Tobar* conflicts with the findings reached by

20  other federal courts on this issue. *See Takapu v. Holder*, 356 Fed. Appx. 17, 18 (9th Cir. Nov. 13, 2009)

21  (unpublished) ("There is nothing 'negligent or merely accidental' about a § 243(d) offense; it requires

22  the willful use of physical force that causes serious injury…"); *United States v. Moss*, CR 13-211 YGR,

23

24  [7] For this reason, the Court disagrees with Petitioner's contentions that *Colon-Arreola* is "legally unsound" because "the result of the defendant's conduct is irrelevant" for purposes of analyzing whether a statute is encompassed by the elements clause. *See* ECF No. 53 at 32-35. If the defendant's conduct does not result in an injury requiring professional medical

25  treatment, the state would not be able to prove the injury requirement (which is a necessary element of the offense) and therefore would not be able to sustain a CPC § 243(c)(2) conviction.

26

1  2016 WL 6514170, at *5 (N.D. Cal. Oct. 11, 2016) ("Here, Moss has not pointed to any binding

2  authority showing that non-violent touching may result in serious bodily injury. Rather, he has offered

3  only unrealistic, hypothetical scenarios in which an individual could cause substantial bodily injury to

4  another through touching that does not involve violent force. As such, the court finds aggravated battery

5  [under CPC § 243(d)] is still a crime of violence after [*Johnson II*].""). Accordingly, the Court declines to

6  follow *Moreno-Tobar*.

7      Based on the foregoing, the Court finds that pursuant to binding Ninth Circuit authority, CPC

8  § 243(c)(2) is still a crime of violence under the elements clause of § 4B1.2. *Colon-Arreola*, 753 F.3d at

9  844-45.[8] Thus, because the Court has determined that Petitioner's § 2K2.1 sentencing enhancement was

10  not imposed in violation of the Constitution, the Court DENIES his § 2255 motion.

11  **V.  CERTIFICATE OF APPEALABILITY**

12      An appeal may not be taken from the denial of a § 2255 motion unless a certificate of

13  appealability is issued. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the

14  applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To

15  obtain a certificate of appealability, Petitioner "must demonstrate that the issues are debatable among

16  jurists of reason; that a court could resolve the issues in a different manner; or that the questions are

17  adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th

18  Cir. 2000) (internal quotation marks and citations omitted). The Court is also mindful of the "relatively

19  low" threshold for granting a certificate of appealability. *Jennings v. Woodford*, 290 F.3d 1006, 1010

20  (9th Cir. 2002)

21      Although the Court denies Petitioner's § 2255 motion on the merits, the Court concludes that

22  reasonable jurists could find the Court's assessment of Petitioner's claims debatable and that the

23  questions presented are adequate to proceed. Accordingly, the Court GRANTS Petitioner a certificate of

24

25  [8] Because the Court decided this case on its merits, the Court need not address the Government's remaining arguments regarding collateral attack waiver, retroactivity, and procedural default.

26  10

appealability.

## **CONCLUSION AND ORDERS**

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Brian Goodman's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 46) is **DENIED**. However, the Court **GRANTS** to Petitioner a certificate of appealability for this motion.


IT IS SO ORDERED.

Dated:   __**March 2, 2017**__            _____ **/s/ Lawrence J. O'Neill** _____
                                            UNITED STATES CHIEF DISTRICT JUDGE